OPINION OF THE COURT
Beatrice S. Shainswit, J.
This case involves the application of well-settled moral precepts, which have been codified into substantive law guidelines, to a rather novel factual pattern. Plaintiff is a mortgagee payee under a fire insurance policy. Defendant is the carrier. All that is involved before me are plaintiff’s *169 motion, and defendant’s cross motion for summary judgment with respect to one aspect of the over-all lawsuit — i.e., whether plaintiff is entitled to recover from defendant $9,500 paid by defendant to the owner of the property for a fire loss covered by the policy.
Plaintiff’s standing to sue is not in issue before me; indeed, its standing has in effect been established by Justice Fraiman’s prior ruling, dismissing tendered affirmative defenses challenging that standing. That prior ruling involved a different fire loss, but it is the law of this case in establishing that plaintiff is a covered beneficiary under the policy in suit.
Defendant does not dispute the existence of plaintiff’s contractual rights under the policy. Defendant claims, however, that it is excused and discharged from making payment to plaintiff because plaintiff’s claim for the $9,500 was first presented in its current amended complaint, and this amendment occurred more than two years after the claimed fire loss, and thus triggered the policy’s two-year Statute of Limitations. The record before the court indicates that $9,500 had previously been paid by the carrier, through an insurance broker, to the owner. Plaintiff mortgagee had no knowledge of this payment until it was revealed on the deposition of the broker on September 16, 1981, in connection with the original complaint. The motion to amend the complaint followed shortly thereafter, and was granted by me on January 22, 1982, without prejudging the timeliness of the amendment. That issue is now squarely before me.
I find that the two-year Statute of Limitations in the insurance contract cannot be invoked by the carrier, on this record. The carrier made the $9,500 payment, although it knew, or should have known from the files, that the plaintiff had been designated initially as a mortgagee payee. It acted at its peril, when it chose to accept, as it claims, the assurance of the broker that plaintiff was no longer in the picture. Justice Fraiman struck affirmative defenses in which the carrier sought to raise the misrepresentations by the broker as an escape hatch excusing payment. The carrier now seeks to reintroduce this *170 stricken defense, in the format of a contractual limitation period. This indirect gambit must still fail.
First, the carrier is seeking to profit by its own wrong. Its own neglect, in making a simple inquiry from plaintiff, which its own internal records mandated, would have disclosed that plaintiff did have existing rights as a mortgagee payee, and that it was plaintiff which was entitled to receive the $9,500. The principle in Riggs v Palmer (115 NY 506), would appear to cover and reject the carrier’s instant tendered defense.
Second, the construction urged by the carrier — namely, that plaintiff must suffer a detriment, even though plaintiff was unaware that it was entitled to make a claim, and that the carrier had erroneously made the payment to the owner — collides with the principle that every contract has an implied covenant of good faith and fair dealing. The two-year Statute of Limitations, and indeed the contract as a whole, must be given a reading consistent with the implied covenant. The position urged by the carrier cannot survive such a reading.
Third, in a very real sense the carrier, by its own payment to the owner, and by its own silence, had prevented plaintiff from ascertaining the facts which would have enabled plaintiff to present its claim within the two-year period. The carrier cannot insist upon compliance with a condition which it had itself rendered impossible of performance (Ames v New York Union Ins. Co., 14 NY 253).
Accordingly, plaintiff is entitled to the partial summary judgment it seeks, for $9,500, and defendant’s cross motion is denied.